**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ELENA GOMEZ,

       Plaintiff,

    -vs-                                                       No. CIV 00-1401 LH/RLP

VERNON JARAMILLO, Superintendent of Mesa
Visa Consolidated Schools, individually and in his
official capacity, HENRY LOPEZ, MESA VISTA
CONSOLIDATED SCHOOL DISTRICT and
BOARD OF EDUCATION FOR THE MESA
VISTA SCHOOL DISTRICT,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 6), filed November 16, 2000. The Court, having reviewed the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken in part and will be granted in part.

Following termination from her position as Director of the Head Start Program of the Mesa Vista Consolidated School District, Plaintiff brought suit in state court asserting claims for violation of her constitutional and civil rights under the United States and New Mexico constitutions and 42 U.S.C. § 1983, breach of contract, and tortious infliction of physical and emotional injuries. Defendants removed the action to federal court and now move to dismiss on grounds that: 1) the individual Defendants are entitled to qualified immunity on Plaintiff's "vague" § 1983 claims and the

Complaint does not state a cognizable claim for violation of civil and constitutional rights; 2) Plaintiff has not alleged the existence of a written contract to sustain her breach of contract claim; 3) Plaintiff has no private right of action under the New Mexico Constitution; 4) the tortious infliction of physical and emotional injuries claim is barred by the New Mexico Tort Claims Act; 5) the school district is not a proper defendant; and 6) punitive damages are not recoverable from governmental entities and individual defendants in their official capacities.

Addressing Plaintiff's § 1983 claims, Defendants first contend that Plaintiff fails to meet the heightened pleading standard enunciated in *Breidenbach v. Bolish*, 126 F.3d 1288 (10th Cir. 1997). *Breidenbach*, however, has been called into question, if not overruled, by the Tenth Circuit's recent decision in *Currier v. Doran*, 242 F.3d 905, 916 (2001)("We conclude that this court's heightened pleading requirement cannot survive *Crawford-El* [*v. Britton*, 523 U.S. 574 (1998)]."). Thus, in reviewing Defendants' Motion, the Court must apply "the customary motion to dismiss standard: '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 917 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The issue, then, "is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." *Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). The *Currier* court reiterated, however, "that trial judges retain discretion to order a reply to a defendant's answer, grant a defendant's motion for a more definitive statement, or tightly confine discovery." 242 F.3d at 916 (citing Fed. R. Civ. P. 7(a), 12(e); *Crawford-El*, 118 S. Ct. at 1596-97). Additionally, "[o]nce a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has

asserted a violation of federal law." *Id.* at 917. If so, then "the plaintiff must demonstrate to the court that the law on which the plaintiff relies was clearly established at the time of the defendants' actions." *Id.* at 923. "The plaintiff must prove the right was sufficiently clear that a reasonable official would have understood that his conduct violated the right." *Id.*

In her Complaint Plaintiff does not identify which of her civil rights Defendants allegedly violated. Defendants surmise that she is alleging violations of her procedural and substantive due process rights. Plaintiff's response is not helpful; indeed, she appears to believe that her protected rights stem from § 1983, which, of course, cannot be the case. (*See Pl.'s Mem. Resp.* at 4 ("Plaintiff has alleged several facts and actions on the part of defendants, and with some specificity that of defendant Jaramillo, that ground a *violation of her section 1983 protected rights* . . . ." (emphasis added)).) She then enumerates:

> [d]istorting the truth, misuse and misapplication of funds for which plaintiff was responsible, cover up of the misuse, angry maltreatment of plaintiff, humiliating, undermining and disparaging plaintiff to her co-workers, maligning plaintiff to members of the school board, withholding her official mail, tampering with records for which plaintiff was responsible, shunning plaintiff, conspiring to bring and bringing a sexual harassment charge against plaintiff, delaying her earned pay, publishing plaintiff's evaluation to her subordinates, jeopardizing her certification, terminating plaintiff and ultimately scuttling the entire Head Start Program . . . .

*(Id.)* Citing *Kennedy v. Dexter Consolidated Schools*, 129 N.M. 436, 10 P.3d 115 (N.M. 2000), she also argues that the "common sense standard" saves her case:

> it cannot be rationally argued that defendants' conduct as set forth in plaintiff's complaint is conduct which defendant Jaramillo and the other defendants would **not** understand that what [he] was doing violated plaintiff's right to be treated with respect and civility, and with that workplace ethic that abhors the very kinds of thing that plaintiff was subjected to here. It was clearly established in 1998 that retaliation in the many forms experienced by plaintiff at the hands of defendants, particularly defendant Jaramillo, was unlawful, and was done in abrogation of plaintiff's rights, for instance.

3

(*Id.* at 5-6 (alteration and emphasis in original).)  Plaintiff finally argues that dismissal would not be appropriate, in any event, and she should be allowed to amend the complaint.

In her Complaint Plaintiff alleges that she became aware of and objected to Defendant Jaramillo's misuse and misapplication of Head Start program funds. (Compl. ¶¶ 5, 8.)  She further asserts that because of her objections Defendant Jaramillo initiated an increasingly severe series of actions against her, including, maligning her to members of the school board, circumventing her authority, causing certain Head Start records to be fraudulently reported, falsely reporting Head Start expenditures, withholding reports and misrepresenting and tampering with records, conspiring to bring false allegations of sexual harassment against Plaintiff, and finally, misrepresenting Plaintiff's supervision of the Head Start program and causing the elimination of the program to force her out of her job. (*Id.* ¶¶ 11-26.)  Additionally, in the Initial Pretrial Report Plaintiff describes her contentions as follows:

> Plaintiff was performing an excellent job for all the various participants in Head Start as its Director, during the course of which she observed and uncovered certain inappropriate practices to include the misuse and misapplication of specifically enumerated funds by defendant Jaramillo. These matters were objected to and brought to Jaramillo's attention. In response, Jaramillo, with the tacit and direct ratification of the school board, and with the assistance of defendant Lopez and others, embarked upon a plan and pattern of illegal, malicious, overt and covert conduct against plaintiff intended to cause her to resign and force her out, the ultimate consequence of which resulted in plaintiff becoming ill, the Head Start Program being terminated, and her job eliminated. In the course of these actions by defendants, plaintiff was subjected to various violations of her civil and employment rights, and extreme *retaliation*, and sustained damages.

(Initial Pretrial Report at 3 (emphasis added).)

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the

4

> United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  The Court finds that Plaintiff states a § 1983 claim for retaliation in violation of her second amendment free speech rights sufficient to survive Defendants' Motion to Dismiss.  The Court, however, will require Plaintiff to amend her Complaint to more clearly state this claim.  The Court does not find, as propounded by Defendants, that Plaintiff attempts to bring any due process claim.  If she wishes to state a procedural due process claim, she may do so in her amended complaint.  As to any substantive due process right in her public employment, however, the Court takes this opportunity to inform Plaintiff that it previously has adopted Judge Black's holding in *Roe v. Antle* that "in non-legislative cases, only procedural [not substantive] due process claims are available to pretextually terminated employees." 964 F. Supp. 1522, 1533 (D.N.M. 1997)(quoting *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994)(en banc)).  Furthermore, the Court will not at this juncture address the issue of qualified immunity, as Defendants have not asserted qualified immunity with respect to a retaliation claim.

Defendants next move for dismissal of Plaintiff's breach of contract claim on grounds that she fails to allege the existence of a valid written contract as required by New Mexico law.  *See* N.M. STAT. ANN. § 37-1-23(A) ("Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract.").  Plaintiff attached a copy of her employment contract to her response brief, leading Defendants to withdraw their Motion as to the breach of contract claim.  Thus, the Motion will be denied as moot as to this claim.

Plaintiff failed to respond in any way to whether there exists a private right of action under the New Mexico Constitution and whether a claim for tortious infliction of personal injuries is barred by the Tort Claims Act. The Court finds both of these grounds well taken and will grant the Motion as to them.

Defendants move for dismissal of the Mesa Vista Consolidated School District, pursuant to FED. R. CIV. P. 12(b)(2), on grounds that under New Mexico law the District is merely a geopolitical area and local political subdivision, subject to suit only through its local school board. *See* N.M. STAT. ANN. § 22-1-2(K) ("'school district' means an area of land established as a political subdivision of the state for the administration of public schools and segregated geographically for taxation and bonding purposes"); § 22-5-4 (I) (local school boards "have the capacity to sue and be sued"). Defendants also note that the school board, not the district, is responsible for final employment decisions. *See* N.M. STAT. ANN. § 22-5-4(D). Plaintiff does not directly address Defendants' argument, merely stating that she does not seek double recovery from the appropriate school entity.

The Court is not convinced that the School District is not a proper defendant in this matter. Defendants have cited no case law in support of their interpretation of the relevant statutes. While not directly addressing the issue before this Court, the New Mexico Supreme Court concluded in *Daddow v. Carlsbad Municipal School District* that local school districts and their boards are "persons" under § 1983. 120 N.M. 97, 100, 898 P.2d 1235, 1238 (1995). The court reached this result by way of finding "that New Mexico *school districts* and their boards are political subdivisions and not 'arms of the state,'" *id.* at 105, 898 P.2d at 1243 (emphasis added)(citing *Garcia v. Board of Educ.*, 777 F.2d 1403, 1411-17 (10th Cir. 1985) (McKay, J., dissenting)), and that "a § 1983 action against a political subdivision of the state is not barred in New Mexico by any statutory

6

governmental immunity," *id.* The court also noted that "the New Mexico Constitution provides that judgments rendered against a city, county, *school district*, or board of education 'shall be paid out of the proceeds of a tax levy as other liabilities.'" *Id.* at 104, 898 P.2d at 1242 (emphasis added) (quoting N.M. Const. art. VIII, § 7). Thus, this Court will not dismiss the Mesa Vista Consolidated School District.

In response to Defendants' contention that punitive damages are not recoverable from governmental entities and individual defendants in their official capacities, Plaintiff again cites to *Kennedy v. Dexter Consolidated Schools*, 129 N.M. 436, 10 P.3d 115 (N.M. 2000). The *Kennedy* opinion, however, addresses defendants' liability in their individual, not their official, capacities. *Id.* at 440, 10 P.3d at 119. The real party in interest in an official-capacity suit is the governmental entity, not the named official. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). Thus, suits against state officials in their official capacity are treated as suits against the State. *Id.* Punitive damages are not recoverable against municipalities or individuals in their official capacities. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)(§ 1983); *Torrance Co. Mental Health Program, Inc. v. New Mexico Health and Env't Dep't*, 113 N.M. 593, 594, 830 P.2d 145, 146 (N.M. 1992) ("[W]e hold that the state's policy of not permitting assessment of punitive damages in tort cases, as reflected in our Tort Claims Act, applies also . . . to breach-of-contract cases.").

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 6), filed November 16, 2000, is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff will file an amended complaint clearly setting forth her § 1983 retaliation claim within fifteen (15) days of entry of this Order. If Plaintiff intends

to bring a § 1983 procedural due process claim, she must clearly set it forth in her amended complaint.

_____
UNITED STATES DISTRICT JUDGE